

FILED
DISTRICT OF WYOMING
CASPER

2002 AUG 29  AM 10: 07

CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

QUINQUE OPERATING CO., et al., )
 )
  Plaintiffs, )
 )
v. )  Civil No.  00-MD-1674-D
 )  MDL Docket No.  1293
PACIFIC GAS & ELECTRIC CO., et al., )
 )
  Defendant. )

## ORDER ON PLAINTIFFS' MOTION FOR ATTORNEYS FEES AND EXPENSES

 This matter comes before the Court on Plaintiffs' Motion for Attorneys Fees and

Expenses Pursuant to 28 U.S.C. § 1447(c).  The Court, having reviewed the material submitted

in support of and in opposition to Plaintiffs' Motion and being otherwise fully informed in the

premises, FINDS and ORDERS as follows:

 The tortured procedural history of this case is worth briefly outlining.  In September of

1999, Defendants removed this case from the state court in Stevens County, Kansas, where it was

filed, to a federal court in the District of Kansas.  Defendants then successfully moved the

Judicial Panel on Multi-District Litigation to have the case transferred to this Court.  On January

19, 2001, this Court granted Plaintiffs' Motion to Remand, remanding the case back to state

court in Kansas, where it rightfully belongs.  Thereafter, Defendants filed a Motion to

Reconsider, asking this Court to reconsidered its Remand Order.  This Court denied Defendants'

Motion to Reconsider on March 2, 2001.

Plaintiffs now petition this Court, pursuant to 28 U.S.C. § 1447(c), for the substantial attorneys fees and expenses they incurred fighting the removal and resulting proceedings. Specifically, Ronald C. Minkoff (of Beldock Levine & Hoffman LLP), Robert Silver (of Boies Schiller & Flexner LLP), Clinton Krislov (of Krislov & Associates), and Patrick Pendley (of the Law Offices of Patrick Pendley) collectively request fees and expenses in the total amount of $183,824.90. Rex A. Sharp, another attorney representing Plaintiffs, has filed a separate submission individually seeking fees and expenses for himself and various firms he has been associated with totaling an amount of $100,137.40.

28 U.S.C. § 1447(c) states that "[a]n award remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Tenth Circuit has held that the fee award is discretionary with the court, and that no showing of bad faith need be made to justify such an award. *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (citing *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324-25 (10th Cir. 1994)). "What *is* required to award fees, however, is a showing that the removal was improper *ab initio*." *Id.* (quoting *Daleske*, 17 F.3d at 324).

The Court is well aware of both the quantity and quality of the legal arguments advanced by Defendants in its attempt to support its assertion of federal subject matter jurisdiction in this action. The Court has conducted a thorough review of the record, and based on the propriety, or impropriety, of Defendants' removal of this action, finds that Plaintiffs' counsel should be

awarded fees and costs.  The Court also finds, however, that the total amount of fees and

expenses requested is somewhat excessive, given the general complexity and occasionally

duplicative nature of counsels' work.  As such, the Court concludes that Plaintiffs' counsel

should be awarded fees and expenses in the amount of sixty percent (60%) of that requested.

THEREFORE, it is hereby

**ORDERED** that Ronald C. Minkoff (of Beldock Levine & Hoffman LLP), Robert Silver

(of Boies Schiller & Flexner LLP), Clinton Krislov (of Krislov & Associates), and Patrick

Pendley (of the Law Offices of Patrick Pendley) shall be awarded fees and expenses in the total

amount of $110,305.00.  It if further

**ORDERED** that Rex A. Sharp shall be awarded fees and expenses in the total amount of

$60,082.00.

Dated this 28th day of August, 2002.

United States District Judge