| | | | | **Defendants' Reply Exhibit 8 in Support of Claims for Fees and Expenses** |
|---|---|---|---|---|
| | | | | **Toothman Coding of Schultz & Belcher Invoices for Joint Defense Work** |
| Task Date | Hrs, | Fee Value | Code | Description from Bills |
| 2/20/2008 | 0.5 | $187.50 | qu | Telephone message and e-mail message from Ms. Harris; e-mail to Ms. Harris with approval of CO2 briefing schedule; review Ms. Harris' e-mail to Mr. Cressler regarding same; directions to Ms. Stevens on forthcoming CMO amendment to reflect new briefing schedule; |
| 4/1/2008 | 1.10 | $412.50 | qu | Emails to arrange CO2 small group conference call to discuss appellees' brief, initial draft of opposition to Grynberg request for 28,000 word combined reply; |
| 6/18/2008 | 1.9 | $712.50 | qu | Further communication with Ms. Harris about Grynberg position on oral argument and relay to small group; prepare for planning meeting in Denver and discuss agenda for same with Mr. Shepherd and Ms. Phelan; multiple emails about meeting; |
| 6/19/2008 | 8.5 | $3,187.50 | tr | Meeting in Denver among defense counsel to coordinate preparation of oral argument return to Cheyenne and review Ms. Phelan's draft of motion to propose additional argument time and agenda for same; edits to same; |
| 6/23/2008 | 1.0 | $375.00 | qu | Emails to discuss goals of oral argument number of speakers and motion for time in advance of 6/25 conference call among brief writers; |
| 8/13/2008 | 10.3 | $3,862.50 | tr | Travel to and from and coordinate oral argument working prep sessions in Denver on both the gas claim and the CO2 claim and emails related to same; |
| 9/25/2008 | 7.3 | $2,737.50 | tr | Attend Tenth Circuit oral argument; debriefing meeting with Mr. Leggette, Ms. Morton-Smith, Ms. Pell; telephone call to Mr. Beatty with thanks for successful coordination and delivery of argument; direct Ms. Stevens to email group that oral argument will begin at 10:00 a.m. and that Court has asked parties to clear courtroom immediately after argument; email from Mr. Rita with positive feedback on argument and forward same with additional kudos to Messrs. Leggette, Beatty and Graham, and Ms. Pell, Mr. Morton, Ms. Noecker and Ms. Stevens; return to Cheyenne (1/2 of travel time billed); |
| 12/2/2008 | 0.1 | $37.50 | qu | Emails between Mr. Tetrault to Ms. Petrillo regarding electronic copy of Agave invoice; |

|  |  | $11,512.50 |  |  |
| --- | --- | --- | --- | --- |
| $11, 512.50/$99,187.50 (total all fees) = 11.6068%.  Toothman "rounds" to 11.6% for his estimate ||||
| Rounded 11.6% * $99,187.50 = $11,505.75 – Matching Value on Toothman Ex. B1 ||||

| Exhibit 3 - Schultz & Belcher LLP Fee Bills Paid by Questar | | | | |
|---|---|---|---|---|
| Date | Name | Description | Amount | Hours |
| 6/17/2008 | Donald I. Schultz | Review of Grynberg reply brief on gas claim; review Ms. McIntosh's preliminary views on oral argument; reply with outline of issues and reactions to Grynberg reply brief; | $675.00 | 1.8 |
| 6/18/2008 | Donald I. Schultz | Coordinate, prepare for and participate in call with Ms. McIntosh and Ms. Phelan to discuss potential Questar-specific oral argument points in light of Grynberg reply brief treatment and overall strategy Questar should take in joint defense argument plann | $600.00 | 1.6 |
| 7/9/2008 | Donald I. Schultz | Emails from Ms. Phelan and Mr. Shepherd regarding filing and timing of filing form for oral argument; prepare draft of form and forward to Ms. Stevens and Ms. Phelan for review; | $187.50 | 0.5 |
| 7/10/2008 | Donald I. Schultz | Emails to and from Ms. Phelan and Ms. Stevens to coordinate on format of, signing and filing Oral Argument Acknowledgment forms; | $75.00 | 0.2 |
| 7/15/2008 | Donald I. Schultz | Telephone call with Ms. Phelan concerning highlights of possible Questar separate argument and how that might fit into JDT argument; | $450.00 | 1.2 |
| 7/22/2008 | Donald I. Schultz | Brief to prepare, and participate in discussion with Ms. McIntosh and Mr. Russell about potential need for, value of, and points to be stressed in a separate oral argument by Questar if Tenth Circuit allows sufficient time; Emails to and from Ms. Phelan and Mr. Shepherd regarding consistency of Oral | $1,237.50 | 3.3 |
| 8/7/2008 | Donald I. Schultz | Prepare oral argument talking points for Questar; | $937.50 | 2.5 |
| 8/8/2008 | Donald I. Schultz | Continue drafting and revision of oral argument outline and email same to Ms. McIntosh and Ms. Phelan; emails from Ms. Phelan and Ms. McIntosh with suggested changes to outline; revise outline in light of suggestions and schedule time to discuss with Ms. McIntosh and ms. Phelan; telephone call with Ms. McIntosh and Ms. Phelan regarding oral argument outline; | $1,162.50 | 3.1 |
| 8/10/2008 | Donald I. Schultz | Continue refining oral argument outline and email same to Ms. McIntosh and Ms. Phelan; | $225.00 | 0.6 |

| Exhibit 3 - Schultz & Belcher LLP Fee Bills Paid by Questar | | | | |
|---|---|---|---|---|
| Date | Name | Description | Amount | Hours |
| 8/11/2008 | Donald I. Schultz | Continue revising draft oral argument outline; email Questar's argument points to JDT-selected lead advocates and other brief writers; emails to and from Ms. Phelan and Ms. McIntosh regarding argument points; | $750.00 | 2 |
| 9/8/2008 | Donald I. Schultz | Emails to and from Ms. Phelan and Ms. McIntosh regarding mock argument panel; | $112.50 | 0.3 |
| 9/9/2008 | Donald I. Schultz | Email from Mr. Leggette with draft outline for oral argument; research and prepare emails to and from Mr. Leggette regarding record citation that Grynberg's private suits were seeking difference between true energy content of gas and false content reported to him by the company; | $675.00 | 1.8 |
| 9/10/2008 | Donald I. Schultz | Emails to and from Ms. McIntosh regarding Maxwell reversal by Tenth Circuit and effect on upcoming oral argument and future audits; | $187.50 | 0.5 |
| 9/15/2008 | Donald I. Schultz | Emails to and from Mr. Leggette and Ms. McIntosh regarding scheduling a time for conference call on Questar references in prior litigation defendants' slide; emails to and from Mr. Leggette regarding draft oral argument points and Q&As still containing Questar references; | $600.00 | 1.6 |
| 9/17/2008 | Donald I. Schultz | Telephone call with Ms. McIntosh and emails to schedule time to discuss Questar points with Mr. Leggette and associates; | $75.00 | 0.2 |
| 9/18/2008 | Donald I. Schultz | Review revised group (e)(4) outline and telephone conference with Mr. Leggette, Ms. Pell, Ms. Morton and Ms. McIntosh to discuss references to Questar in same; | $337.50 | 0.9 |
| 9/19/2008 | Donald I. Schultz | Email press release on MMS practices to Ms. McIntosh; email to Mr. Leggette and Ms. Pell and Ms. Morton reminding them that Grynberg admitted under oath that he was not original source as 30 years of selling gas; emails to and from Mr. Leggette refining argument as to Questar; highlight Grynberg's lack of factual knowledge on Btu claims for appellate argument, from record on appeal, and email same to Mr. Legette, Ms. Pell and Ms. Morton; | $600.00 | 1.6 |

| Exhibit 3 - Schultz & Belcher LLP Fee Bills Paid by Questar | | | | |
|---|---|---|---|---|
| Date | Name | Description | Amount | Hours |
| 9/22/2008 | Donald I. Schultz | Email from Ms. McIntosh regarding citation to record where showed Judge Downes that Pringle was wrong in his four items of information; emails to and from Ms. McIntosh regarding arrival time to Denver and plans and if additional preparation is warranted on Questar's behalf; | $300.00 | 0.8 |
| 9/26/2008 | Donald I. Schultz | Emails to and from Ms. McIntosh recapping oral argument and commenting on prospects for success; email from Ms. McIntosh with information about Grynberg as speaker at NARO luncheon; | $112.50 | 0.3 |
| 12/1/2008 | Donald I. Schultz | Emails to and from Ms. McIntosh regarding United ex rel. Burlbaw v. Orenduff and predictions on dates for Judge Downes to rule on fee liability and 10th Circuit opinion on appeals; | $75.00 | 0.2 |
| | | | | |
| | | | $9,375.00 | 25 |

| | | | | |
|---|---|---|---|---|
| **Toothman Coding of Schultz & Schultz Invoices for Joint Defense Purposes** | | | | |
| Task Date | Hrs. | Fee Value | Code | Description |
| 8/1/2011 | 1.0 | $125.00 | IC | Meeting with Don Schultz, Ms. Petrillo and Mr. Salverson regarding accounting for costs, expenses, special master's fees and attorneys' fees [at paralegal rate]; |
| 8/1/2011 | 2.30 | $862.50 | IC | Emails to and from Ms. Petrillo and Mr. Salverson to schedule meeting time; outline fees, costs and Special Master fees tasks and issues in memo; meeting with Su Schultz, Ms. Petrillo and Mr. Salverson regarding accounting for costs, expenses, special master's fees and attorneys' fees; telephone call with Mr. Jatko and Ms. Orr regarding Grynberg's appeal of Judge Downes' orders and extension of time; email to JDT summarizing telephone call with Mr. Jatko and Ms. Orr and attaching memo on fees, costs and Master fees; review sample of prior Settlement Agreement; telephone call with Ms. Reed from Cheyenne District Clerk's office regarding details of Special Master Fund; email to Ms. Petrillo and Mr. Salverson summarizing call with Ms. Reed and regarding distribution of those funds; |
| 8/11/2011 | 2.2 | $825.00 | IC | participate in joint defense; emails to and from Ms. Nielsen regarding how to find the average interest rate in the charts for prejudgment interest; emails to and from Mr. Parkhurst regarding amount of fees and costs Delhi may be able to recover; forward Ms. Nielsen's email to Messrs. Jatko, Porter and Dauer; emails to and from Mr. Porter regarding postjudgment interest rates to apply to old cost award vs. current attorneys' fee awards; email to Messrs. Beatty, Tetrault and McClure and Ms. Noecker and Ms. Fields regarding question of whether to seek interest on attorneys' fees and whether judgments should be entered nunc pro tunc to Nov 2006; email from Mr. Barrick approving of proposal for joint defense on behalf of Dynegy; emails to and from Mr. Barrick regarding whether Dynegy or Venice has paid into joint defense funds; emails to and from Mr. Day regarding his representation of specific |

| Date | Hours | Amount | Init | Description |
|---|---|---|---|---|
| | | | | defendants; email from Mr. Loring that his clients, Energy West, MichCon and Aquila/UtiliCorp, settled and will not participate in joint defense; email to Mr. Shaheen and Ms. Torrey regarding Mr. Grynberg's call to Dominion's general counsel; email from and to Ms. Torrey regarding her call with Mr. Jatko and Mr. Grynberg and his unwillingness to negotiate; discuss nunc pro tunc research results with Su Schultz; email to Messrs. Beatty, Tetrault and McClure and Ms. Noecker and Ms. Fields attaching 10th Circuit case; email from Mr. Tetrault to set up telephone conference to discuss phone call he got from Mr. Jatko; email from Mr. McClure attaching |
| 8/26/2011 | 2.8 | $350.00 | IM | Research and draft case summary memo for Don Schultz on issues regarding FCA lodestar factors, use of non-local attorney fee rates as starting point for "reasonable rate," standard of review and evidence court needs to consider [at paralegal rate]; |
| 8/26/2011 | 0.2 | $75.00 | IM | Emails to and from Mr. Salcido requesting dates for each of the attorney fee tasks performed; review Su Schultz' memo on national rates for attorneys' fee claims; |
| 9/3/2011 | 7.5 | $2,812.50 | IM | Continue analyzing fee and expense data and drafting affidavit for joint fees and expenses; emails to and from Su Schultz regarding requirement to send proposed order to Judge Freudenthal's email address; email to Mr. Nicholas forwarding Aug 31 email to Mr. Garlish at Northwestern; edit counsel list spreadsheet; |
| 9/18/2011 | 6.6 | $2,475.00 | IM | Continue analyzing fee and expense data and drafting affidavit for joint fees and expenses; email to and from Messrs. Tetrault and Haynes regarding which amounts were settled withdrawn by settling PG&E entity and which not settled; additional emails to and from Mr. Tetrault regarding attorneys fees and rates from other cases; email from Ms. Reed regarding Amended Disbursement Order to change 10% to 7 1/2%; emails to and from Mr. Tetrault regarding language for joint fees affidavit concerning large number of hours spent by attorneys working on large briefs and other important projects who billed time to their individual clients rather than joint defense; email from Mr. McBride concerning edits to e-service list; email to Mr. Salverson attaching list of copies of invoices needed; email from Su Schultz |

| Date | Hours | Amount | Code | Description |
|---|---|---|---|---|
| | | | | regarding her completion of disbursement summary tabs on master spreadsheet; study disbursement data, summaries and adjustments needed; |
| 9/20/2011 | 1.8 | $675.00 | IC | Continue analyzing fee and expense data and drafting affidavit for joint fees and expenses; email to JDT counsel attaching Amended Order and regarding deposit of Mr. Grynberg's $110K check, subsequent disbursement into H&H trust fund, amount of refund for a lead defendant still in case and information required before disbursement can be made; emails to and from Mr. Salverson regarding Fulbright Jaworski invoice copies; email to JDT counsel requesting authorization to deduct/retain $2,500 per case for cost-share to prove jointly-incurred fees and expenses and attaching spreadsheet showing cost reimbursement share; review with Su Schultz minor differences comparing Beatty Firm summary of payments it received with H&H disbursement and payment records; detailed email to Ms. Petrillo requesting help to reconcile same; emails from several counsel authorizing deduction of $2500 for cost-share; email to JDT counsel attaching Exhibits 1 through 3 of Affidavit for joint fees and expenses for review; emails to and from Mr. Haynes regarding PG&E's participation and reconciliation efforts required to separate unsettled payments; email from Mr. Tetrault regarding suggested edits to Exhibits 1 through 3; |
| 9/30/2011 | 6.5 | $2,437.50 | IC | Telephone conference with Mr. Jatko concerning many inquiries about meet and confer efforts on amounts of fees and expenses; meet with Ms. Petrillo and Su Schultz to receive handoff of - and review - additional invoices retrieved and summaries and reconciliation prepared by H&H; resume work on exhibits in support of fee affidavit, including review of Brown Drew invoices, edits to summary of same; analysis of work performed and disbursements charged; |
| | | $10,637.50 | | |

$10,367.50/$63,812.50=16.66699%; Toothman uses 16.6% Estimate

$63,812.50*16.6=$10,592.88 – Matches Toothman Exhibit B1

# SCHULTZ & SCHULTZ LLP

*2901 Pioneer Avenue*
*Cheyenne, Wyoming 82001-2730*

(307) 630-6144

Federal ID No. 27-3767406

QPC
Thomas C. Jepperson, Gen Counsel
P.O Box 45433
180 East 100 South
Salt Lake City, UT 84145

Statement Date: September 21, 2011
Statement No. 62
Account No. 108.0001
Page: 1

RE: Qui Tam

For professional services rendered through 08/31/2011

### Fees

| Date | Code | Description | Hours |
|---|---|---|---|
| 08/02/2011 | DIS | Discuss with Dayle Petrillo total amounts billed for fees and disbursements to Questar by H&H; review sample data to make sure information is pulled for correct subaccount; telephone call with Mr. Jepperson about pursuit of claim for Questar's separate fees and expenses; | 0.40 |
| 08/03/2011 | DIS | Review additional history on fees and expenses incurred by Questar separately and message to Mr. Jepperson to update estimate of amounts; | 0.40 |
| 08/16/2011 | DIS | Visit Holland & Hart offices; review hard copies of about 1/2 of the H&H invoices to Questar; discuss with Dayle Petrillo availability and format of billing data on paid invoices; receive Excel spreadsheets separately for fees and disbursements; email to Mr. Jepperson to request retrieval of payments to and invoices for work of Akin Gump, Don Stinson and Zeebco; review remainder of hard copy invoices; | 5.80 |
| 08/17/2011 | DIS | Begin comparison of hard copy invoices with spreadsheet accuracy, identification and removal of fees for work on related but separate matters; insert invoice summary history into task data and input fee discounts applied for each monthly invoice, calculate discount percentage and value of initial adjustments to remove fee entries not claimed; initial review of disbursement data; | 2.40 |
| 08/18/2011 | DIS | Further work on adjustment calculations for fee tasks, hours and amounts removed from claim for H&H fees because of settled docket and for work not in defense of 1604; emails to request data files from others with task and related billing information - Zeebco, Stinson, Salcido; begin draft of affidavit in support of claim for attorneys' fees, describing hiring decisions and qualifications of personnel; obtain sample of data exported from Schultz and Belcher billing system and discuss with Bill Hassler retrieval of additional data; | 4.40 |
| 08/19/2011 | DIS | Work with H&H disbursement data to remove amounts not claimed, to treat separately disbursements to pay Dr. Stinson, and to organize and sort data for presentation with affidavit; work with fee data to develop method to summarize timekeeper changes in billing rates and hours billed at those rates; develop format to report time descriptions and value and dexcriptions of individual tasks; | |

| Date | Code | Description | Hours |
|---|---|---|---|
| | | prepare samples for exhibits to present H&H data with affidavit. | 4.10 |
| 08/20/2011 | DIS | Further drafting on Affidavit in support of Questar claim for fees; | 1.30 |
| 08/21/2011 | DIS | Draft and edit Affidavit; | 2.50 |
| 08/22/2011 | DIS | Resume drafting of Affidavit in support of Questar claim for Attorney's fees and expenses; additional work on format and preparation of exhibits from Holland & Hart Data; | 4.60 |
| 08/23/2011 | UPS | Prepare billing spreadsheet from raw data from Schultz & Belcher records for fees motion [at paralegal rate]; | 1.00 |
| | DIS | Ask Su Schultz help to load additional Schultz & Belcher billing data received on disk; review client-generated list of amounts paid to consultants; continue drafting of Affidavit to support claim for fees; | 3.90 |
| 08/24/2011 | DIS | Draft additional sections of Affidavit; further review and organization of fee data for presentation; | 2.20 |
| 08/25/2011 | UPS | Check spreadsheet figures against individual billing statements for disbursement amounts; sum disbursements by category by invoice [at paralegal rate]; | 1.70 |
| 08/26/2011 | UPS | Complete summations and expense category descriptions in spreadsheet [at paralegal rate]; | 0.40 |
| | DIS | Receive invoices from client paid to Akin Gump, Zeebco Company, Inc., and Don Stinson; receive electronic billing data from Akin Gump; review of billing descriptions, check accuracy of data against invoices; same for Zeebco billings; email to Dr. Stinson to see if he has copies of additional invoices Questar shows on payment list; further drafting work on Affidavit | 4.50 |
| 08/27/2011 | DIS | Substantial additional work on fee affidavit and exhibits; request additional data from Akin Gump; | 5.50 |
| 08/28/2011 | UPS | Sort expense data spreadsheet by invoice and cost code; auto-sum cost codes by invoice [at paralegal rate]; | 3.25 |
| | DIS | Additional work on affidavit and exhibits; re-review Exhibit 1 task and time descriptions to identify additional adjustments needed to remove work not directly on this defense; draft letter to Mr. Jatko and prepare summary of claim amounts; | 6.90 |
| 08/29/2011 | DIS | Calculate and implement additional adjustments to Exhibits 1 and 2 based on further review of task descriptions; edit format and produce Exhibit 3; obtain additional task data requested from Akin Gump, insert into draft Exhibit 4 and edit title and format of same; revise letter to Mr. Jatko to transmit fee information; telephone calls and receive fax from Dr. Stinson with additional copies of his invoices; review same and determine they were not for work on defense of docket 1604; adjust summary for Exhibit 6 accordingly; format and create Affidavit Exhibit 7 from Zeeb data; review H&H disbursement summary data in additional detail and make needed adjustments; create Exhibit 8 summary, travel details, and monthly details in other categories; revise draft affidavit; | 8.30 |

| | | | Hours | |
|---|---|---|---:|---:|
| | UPS | Review and edit cover letter to Mr. Jatko and accompanying exhibits [at paralegal rate]; | 0.20 | |
| 08/30/2011 | DIS | Minor edits to affidavit and email to Mr. Jepperson attaching draft fee affidavit for review; | 0.30 | |
| 08/31/2011 | DIS | Email from Mr. Jepperson acknowledging receipt of draft fee affidavit; | 0.10 | |
| | | For Current Services Rendered | 64.15 | 22,418.75 |

QPC  Statement Date: 09/21/2011
Account No.  108.0001  Statement No.  62
RE: Qui Tam  Page No.  3

Recapitulation

| Timekeeper | Hours | Rate | Total |
|---|---:|---:|---:|
| Donald I. Schultz | 57.60 | $375.00 | $21,600.00 |
| Ursula P. Schultz | 6.55 | 125.00 | 818.75 |

Expenses

| 08/30/2011 | Postage - mail fee/cost/expense claim information to Mr. Jatko; | 5.10 |
|---|---|---:|
| | Total Expenses | 5.10 |

| Total Current Work | 22,423.85 |
|---|---:|

| Balance Due | $22,423.85 |
|---|---:|

Billing History

| Fees | Expenses | Advances | Finance Charge | Payments |
|---:|---:|---:|---:|---:|
| 22,418.75 | 5.10 | 0.00 | 0.00 | 0.00 |

**Payments received after 09/21/2011 are <u>not</u> included on this statement.**